The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Special Deputy Commissioner D. Bernard Alston. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
* * * * * * * * * *
EVIDENTIARY RULING
The objections raised during the depositions of David V. Janeway, M.D., and Gary G. Poehling, M.D., are ruled upon in accordance with the law and this Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the in their Pre-Trial Agreement which was filed on June 8, 1995, and at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured.
3. The employee-employer relationship existed between the parties at all relevant times.
4. The issues for determination are:
 a. Whether the plaintiff sustained a compensable injury by accident arising out of and in the course of her employment, and if so, to what benefits may she be entitled to under the Act?
 b. Whether the plaintiff's hip, left knee, and psychological injuries are causally related to the alleged injury by accident? and,
 c. If the plaintiff's claim is compensable, whether the defendant is entitled to a credit for disability benefits paid to plaintiff?
5. The parties stipulated twenty pages of medical reports into the record.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Special Deputy Commissioner as follows:
FINDINGS OF FACT
1. On July 7, 1994, the plaintiff was a forty-six year old female, who was employed as a medication nurse supervisor. Plaintiff's duties involved distributing medication to patients on her assigned floor.
2. The plaintiff's average weekly wage was $1,005.01, which is sufficient to generate the maximum compensation rate of $466.00.
3. Since 1992, the plaintiff has served as a First Lieutenant in the Intermediate Care Ward with the 312th Field Hospital in the Army Reserve.
4. On July 7, 1994, at approximately 3:45 p.m., the plaintiff was bending over her medication cart when she was tapped with a plastic patient chart on her left hip by Dr. Thomas Shown. Dr. Shown did not intend this to injure the plaintiff, but intended it only to say "hello" to her. The plaintiff was surprised by this, and she jumped and turned around. Following the incident, the plaintiff felt a stinging sensation in her left hip.
5. Later that afternoon, at approximately 4:00 to 4:30 p.m., the plaintiff was walking down the hall, carrying a medicine cup, when she felt a pop and a catch in her left knee. The plaintiff did not slip, trip or fall; and the plaintiff was performing her normal work in the usual and customary manner when she experienced the pop and catch in her left knee.
6. The plaintiff reported the incident and the resulting pain in her left hip and left knee.
7. The plaintiff was seen in the emergency room, where she was excused for work for one day as a result of her complaints of left hip pain.
8. The plaintiff worked from July 12, 1994 through August 3, 1994, performing her regular job. She did not seek any medical treatment during this time.
9. The plaintiff sought medical treatment from her family doctor in August of 1994, following which she was referred to Dr. David Janeway, an orthopedist, due to complaints of left knee pain.
10. On August 9, 1994, the plaintiff presented to Dr. Janeway with complaints of left hip and knee pain, at which time Dr. Janeway found her to have a full range of motion in the hip and knee. Dr. Janeway diagnosed the plaintiff as having a possible torn medial meniscus with inflammation of the medial shelf, for which she was given a knee sleeve, and ordered out of work for two weeks.
11. Dr. Janeway performed arthroscopic surgery on plaintiff's left knee on September 16, 1994, following which he found a chondral defect of the patella, plica and loose body in the knee. The plaintiff was held out of work through November 14, 1994, at which time she was permitted to return to four hour a day work.
12. In response to questions regarding the etiology of the left knee problems from the plaintiff, Dr. Janeway noted that theses conditions were not caused by the blow to the left hip. Dr. Janeway opined that the inflamed transverse plica is a developmental change and not traumatic in origin, and the fragments were smooth in nature, which indicated that they had been loose for some period of time, and were therefore not related to the July 7, 1994 incident.
13. The plaintiff returned to work for one day in November of 1994, and did not remain for the entire four-hour shift, based upon the restrictions given by Dr. Janeway. Thereafter, the plaintiff was referred to Dr. William Bell for a neurological consultation. All tests were found to be within normal, and the plaintiff was authorized to remain out of work from November 23, 1994 through January 11, 1995 by the various doctors seen during this period.
14. Since March 10, 1995, the plaintiff has been employed as a part-time instructor at Forsyth Technical College in the unit secretary curriculum, for which she earns $1,600.00 per month.
15. After being released to return to work, the plaintiff did not return to work with the defendant-employer.
16. The plaintiff sought a second opinion from Dr. Gary Poehling on April 28, 1995. Dr. Poehling related a history of the injury in which the plaintiff stated that after being struck with the chart, she twisted and experienced the left knee pain at the same time as the hip pain. However, this history of the injury is not accepted as credible based upon the recorded statement which was entered into evidence, or the plaintiff's testimony at the hearing. As Dr. Poehling's opinion as to the causation of the plaintiff's condition is based upon a history which is specifically rejected, Dr. Poehling's opinion in specifically rejected.
17. The plaintiff has failed to offer competent evidence as to whether the plaintiff's depression is causally related to the incident on July 7, 1994.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury by accident arising out of and in the course of the employment on July 7, 1994, when she was tapped on the left hip with a patient chart. N.C. GEN. STAT. § 97-2(6). However, the plaintiff has failed to carry the burden of proof to establish that the left knee condition was causally related to the compensable incident on July 7, 1994. Further, the plaintiff's left knee injury was not as a result of an accident arising out of and in the course of her employment, but rather, she was engaged in her normal work at the time she experienced the pop and catch in her left knee.
2. As a result of the compensable injury, the plaintiff is not entitled to temporary total disability compensation, as she missed only one day from work as a result of the contusion to the left hip. No compensation shall be allowed for the first seven calendar days of disability resulting from an injury. N.C. GEN. STAT. § 97-28.
3. The plaintiff is entitled to have the defendant pay for medical expenses incurred as a result of the compensable injury as may be required to provide relief, effect a cure or lessen her period of disability, limited to the one visit at the emergency room on or about July 11, 1994. N.C. GEN. STAT. § 97-2(19).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Special Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay the medical expenses incurred as a result of the one visit to the emergency room on or about July 11, 1994.
2. Plaintiff's claim for benefits related to the left knee condition or the depression is and must be DENIED.
3. Defendant shall pay the costs.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________ MARGARET MORGAN DEPUTY COMMISSIONER